IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

OLIVER C. HUDSON and    :
MRS. REBECCA P. HUDSON,   :
 Petitioners         :
             :   **No. 1:22-cv-00033**
   v.         :
             :   **(Judge Kane)**
STEPEHEN SPAULDING,    :
 Respondent        :

**MEMORANDUM**

This habeas corpus action has been brought by pro se Petitioner Oliver C. Hudson ("Petitioner"), a federal prisoner incarcerated at United States Penitentiary Lewisburg in Lewisburg, Pennsylvania ("USP Lewisburg"), and his wife, Mrs. Rebecca P. Hudson (collectively, "Hudsons"). (Doc. No. 1.) Petitioner, who alleges that he is a citizen of Maryland, appears to be challenging the authority of the United States Bureau of Prisons ("BOP") to transfer him from Maryland to USP Lewisburg in Pennsylvania. (Id.) The Court has reviewed the Hudsons' petition and the Warden at USP Lewisburg, Stephen Spaulding, ("Respondent")'s response to the petition. For the reasons set forth below, the Court will dismiss the Hudsons' petition for lack of jurisdiction.

I.  BACKGROUND

On January 7, 2022, the Hudsons filed a "petition for a writ of habeas corpus under 28 U.S.C. §§ 1651 and 2242." (Doc. No. 1 at 1.) The Hudsons appear to claim that Petitioner's incarceration in Pennsylvania is unconstitutional, that Respondent transfers exclusively non-white citizens to USP Lewisburg for the personal enrichment and business profits of Pennsylvania citizens, and that Respondent does not have the authority to incarcerate him in

Pennsylvania since Petitioner is a citizen of Maryland.  (Doc. Nos. 1, 1-1.)  As for relief, the

Hudsons appear to seek Petitioner's return to a correctional facility in Maryland.  (Id.)[1]

On January 12, 2022, Petitioner paid the filing fee (Doc. No. 3), and on January 31, 2022,

he filed a motion to strike the Clerk of Court's recharacterization of his application for relief

brought under 28 U.S.C. §§ 1651 and 2242 as a petition for a writ of habeas corpus brought

under 28 U.S.C. § 2241.  (Doc. No. 4.)  In support, he alleges that he is seeking the "great writ"

pursuant to 28 U.S.C. § 1651(a).  (Id. at 3.)  That statute, which is referred to as the All Writs

Act, provides that "[t]he Supreme Court and all courts established by Act of Congress may issue

all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the

usages and principles of law."  See  28 U.S.C. § 1651(a).

On March 25, 2022, the Court issued an Order directing service of the Hudsons' petition

on Respondent.  (Doc. No. 5.)  The Court ordered Respondent to file an answer, motion, or other

response to the allegations in the petition within twenty (20) days.  (Id.)  The Court also ordered

the Hudsons to file a reply to Respondent's answer or other pleading within fourteen (14) days of

its filing, should they desire to do so.  (Id.)

In accordance with the Court's March 25, 2022 Order, Respondent filed a response to the

Hudsons' petition on April 12, 2022.  (Doc. No. 7.)  Respondent argues, essentially, that the

Court lacks jurisdiction over the petition because the Hudsons' claims are not cognizable in a

habeas corpus petition.  (Id.)  As reflected by the Court's docket, the Hudsons have not filed a

reply to Respondent's argument, and the time period for doing so has now passed.

---

[1]  Suffice it to say, the allegations in the Hudsons' petition are difficult to discern.  (Doc. Nos. 1,
1-1.)  The Court has reviewed those allegations to the best of its ability.

## II.    DISCUSSION

Respondent alleges that the Hudsons appear to be challenging not the fact or duration of

Petitioner's incarceration but the location of the institution at which he is currently incarcerated.

(Doc. No. 7 at 2.)  Respondent contends, however, that such a challenge is not a proper basis for

federal habeas corpus review.  (Id. at 3-4.)  Although the Hudsons' allegations are difficult to

discern, the Court agrees with Respondent's understanding that the Hudsons appear to be

challenging Petitioner's incarceration in Pennsylvania and thus seek an All Writs Act order

under 28 U.S.C. § 1651(a) to return Petitioner to Maryland.[2]  (Doc. Nos. 1, 1-1.)  For the reasons

discussed below, the Court finds that the Hudsons' petition does not present a proper basis for

the Court's review under either the All Writs Act or a petition for a writ of habeas corpus.  The

Court will, therefore, dismiss the Hudsons' petition for lack of jurisdiction.

As explained by the United States Court of Appeals for the Third Circuit, "[t]he All Writs

Act does not itself confer any subject matter jurisdiction, but rather only allows a federal court to

issue writs 'in aid of' its existing jurisdiction."  See United States v. Apple MacPro Computer,

851 F.3d 238, 244 (3d Cir. 2017) (citing Clinton v. Goldsmith, 526 U.S. 529, 534 (1999);

Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 31 (2002); In re Arunachalam, 812 F.3d 290,

292 (3d Cir. 2016) (per curiam)).  Thus, a federal court "has subject matter jurisdiction over an

application for an All Writs Act order only when it has subject matter jurisdiction over the

underlying order that the All Writs Act order is intended to effectuate."  See id.  Consequently,

"a federal court may only issue an All Writs Act order 'as may be necessary or appropriate to

effectuate and prevent the frustration of orders it has previously issued in its exercise of

---

[2]  Notably, Mrs. Hudson appears to have filed the petition on behalf of Petitioner from her home address in Baltimore, Maryland.  (Doc. No. 1 at 9.)  The Court surmises that the Hudsons seek Petitioner's return to Maryland so that he can be closer to his wife.

jurisdiction otherwise obtained.'" See id. (quoting United States v. N.Y. Tel. Co., 434 U.S. 159, 172 (1977)).

In the instant matter, however, the Hudsons have not pointed to an independent source for the Court's subject matter jurisdiction.  (Doc. Nos. 1, 1-1.)  Consequently, issuing an All Writs Act order would not aid the Court in exercising subject matter jurisdiction that does not exist. Accordingly, the Court finds that it lacks subject matter jurisdiction to issue an All Writs Act order.  See Apple MacPro Computer, 851 F.3d at 244 (explaining that a federal court "has subject matter jurisdiction over an application for an All Writs Act order only when it has subject matter jurisdiction over the underlying order that the All Writs Act order is intended to effectuate").

To the extent that the Hudsons' petition can be construed as a habeas corpus petition brought under 28 U.S.C. § 2241, the Court finds that it lacks subject matter jurisdiction to review the petition.[3]  Generally speaking, § 2241 only confers federal jurisdiction over a habeas petition that has been filed by a federal inmate who challenges "not the validity but the execution of his sentence."  See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (citations omitted); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (stating that 28 U.S.C. § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas").  While "the precise meaning of 'execution of the sentence' is hazy[,]" see id. at 242, the United States

---

[3]  As stated above, the Hudsons have brought a "petition for a writ of habeas corpus under 28 U.S.C. §§ 1651 and 2242." (Doc. No. 1 at 1.)  While § 1651 concerns the All Writs Act, § 2242 concerns general rules governing applications for writs of habeas corpus.  See 28 U.S.C. § 2242 (providing that such an application shall, among other things, be signed and verified by the person for whom the requested relief is intended and shall also allege facts concerning the applicant's incarceration).

Court of Appeals for the Third Circuit has defined this phrase to mean "put into effect" or "carry out[,]" see id. at 243 (citation and internal quotation marks omitted).

As a result, a federal inmate may challenge conduct undertaken by the BOP that affects the duration of the inmate's custody.  See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (finding that a federal inmate's petition is actionable under § 2241 where the inmate attacks the term of his custody by challenging the manner in which the BOP is computing his federal sentence).  A federal inmate may also challenge BOP conduct that "conflict[s] with express statements in the applicable sentencing judgment."  See, e.g., Cardona, 681 F.3d at 536-37 (providing that a federal inmate's petition is actionable under § 2241 where the inmate attacks the execution of his sentence by showing that the BOP acted in a way that is "inconsistent with a command or recommendation in the [inmate's] sentencing judgment").

Applying these principles here, the Court finds that the Hudsons' petition does not challenge the execution of Petitioner's sentence.  Instead, it challenges Petitioner's prison transfer to USP Lewisburg in Pennsylvania.  Such a routine prison transfer is not, however, a proper basis for habeas corpus review.  Thus, to the extent that the Hudsons' petition can be construed as a habeas corpus petition brought under 28 U.S.C. § 2241, the Court finds that it lacks subject matter jurisdiction to review the petition.  See, e.g., Zapata v. United States, 264 F. App'x 242, 243-44 (3d Cir. 2008) (affirming the district court's dismissal of a § 2241 habeas corpus petition for lack of jurisdiction where the federal inmate challenged a routine transfer from a BOP facility in New Jersey to a BOP-contract facility in Texas); Ganim v. Fed. Bureau of Prisons, 235 F. App'x 882, 882-84 (3d Cir. 2007) (concluding that the federal inmate's claims were not properly brought in a habeas petition under § 2241 where petitioner simply sought a

transfer to a federal correctional facility that was located closer to his family members, and

remanding to the district court to dismiss the petition for lack of jurisdiction).[4]

## III.   CONCLUSION

Accordingly, for all of the foregoing reasons, the Court will dismiss the Hudsons'

petition for lack of subject matter jurisdiction.  An appropriate Order follows.[5]

---

[4]  The Court notes that in Woodall, 432 F.3d 235, the United States Court of Appeals for the
Third Circuit held that a federal inmate's claims were properly brought under § 2241 where the
inmate challenged an inconsistency between the sentencing court's recommendation and the
BOP's refusal to comply with that recommendation.  See id. at 243-44.  Specifically, the inmate
claimed that his sentencing judge had recommended that he be placed in a halfway house for the
last six (6) months of his sentence, but that the BOP was only going to place him in a community
corrections center for a total of eleven (11) weeks.  See id. at 238.  On appeal, the Third Circuit
found that "[c]arrying out a sentence through detention in a [community corrections center] is
very different from carrying out a sentence in an ordinary penal institution."  See id. at 243.
Thus, the Court concluded that the inmate's challenge was reviewable in a habeas corpus petition
under § 2241.  See id. at 243-44.  In the instant matter, however, Petitioner does not challenge
the execution of his sentence or otherwise allege that his transfer to USP Lewisburg constitutes
something more than a routine prison transfer.  See id. at 243 ("[I]n finding that Woodall's action
was properly brought under § 2241, we determine that placement in a CCC represents more than
a simple transfer. Woodall's petition crosses the line beyond a challenge to, for example, a
garden variety prison transfer.").

[5]  Given the Court's ruling, it is unnecessary to address whether Mrs. Hudson is an appropriate
party to this habeas corpus action.  That being stated, although it appears that Mrs. Hudson may
have assisted Petitioner in the filing of the petition, she has not been named as a petitioner, and
she did not execute the relevant portion of the petition or verify the truth of the contents
contained therein (id. at 8.)